

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50078 | **DATE** | 4/12/2002 |
| **CASE TITLE** | UNITED UNION OF ROOFERS vs. SIERRA CONSTRUCTION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION TO WITHDRAW REFERENCE

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiffs' motion to withdraw the reference is denied and accordingly the court declines to consider the motion for relief from automatic stay.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| ☐ | No notices required, advised in open court. | | Document Number |
| ☐ | No notices required. | number of notices | |
| ☒ | Notices mailed by judge's staff. | APR 15 2002 | |
| ☐ | Notified counsel by telephone. | date docketed | 9 |
| ☐ | Docketing to mail notices. | docketing deputy initials | |
| ☒ | Mail AO 450 form. | 4-12-02 | |
| ☒ | Copy to judge/magistrate judge. | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

In case no. 02 C 50078, the United Union of Roofers, Waterproofers and Allied Workers, Local No. 11 ("Union"), Roofer's Unions Welfare Trust Fund, Roofers' Pension Fund, Roofers' Reserve Fund, the Chicago Roofers' Apprenticeship and Training Fund, Roofers' Industry Advancement and Research Fund and Roofers' Local 11 Promotional and Organizational Fund ( collectively "Movants") moved to withdraw the reference of a portion of the Chapter 11 bankruptcy proceeding of debtor, Sierra Construction Services, Inc., from the bankruptcy court pursuant to the mandatory, and alternatively, discretionary withdrawal provisions of 28 U.S.C. § 157(d). They also moved for relief from the automatic stay. In case no. 02 C 50098, the Sheet Metal Workers' International Association Local 265 also filed a motion to withdraw the reference and for relief from stay.[1] Movants seek to withdraw the reference "of all matters pertaining to the automatic stay of job actions in response to labor disputes, as defined under the Norris-LaGuardia Act." They initially sought a determination that their job actions were exempt from the automatic stay and alternatively that they be granted relief from the automatic stay. Motion ¶33. In their reply, they state they "are first asking [this court] to take jurisdiction of this matter. If that portion of the motion is granted, then [movants] request _relief_ from the automatic stay . . . ." (emphasis in original) Resp. p. 2.

28 U.S.C. § 157(d) provides the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The mandatory provision applies only when the non-title 11 statute must be interpreted rather than merely applied or when the court must analyze significant open and unresolved issues regarding the non-title 11 law. In re Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996). This standard is not met here.

In an order entered February 6, 2002, following a temporary restraining order hearing brought by debtor seeking to enjoin certain activities by Union, the bankruptcy court found that the automatic stay of 11 U.S.C. § 362 applied to prohibit certain communications by Union to its members who were employed by debtor. No appeal was taken from this order. While the bankruptcy court did not enter the temporary restraining order, it did specifically rule that the stay applied to the contested behavior. An order finding that the automatic stay applies to certain conduct is a final order which is appealable to the district court under 28 U.S.C. § 158(a)(1). See In re Marvel Entertainment Group, Inc., 209 B.R. 832, 835 (D. Del. 1997) (bankruptcy court order that § 362 applied to prevent bondholders from voting pledged stock but declining to enter TRO to that effect was final and appealable.) By foregoing appeal of the February 6, 2002, order, movants are bound by the bankruptcy court's decision that the stay applies to the contested conduct. See United States v. One 1987 Mercedes Benz Roadster, 2 F. 3d 241, 244 (7th Cir. 1993); Avitia v. Metropolitan Club of Chicago, Inc., 924 F.2d 689, 691 (7th Cir. 1991). Whether the Norris-LaGuardia Act precludes the application of the stay on these facts has been finally determined in the negative for this proceeding.

Of course, movants are free to seek relief from the stay to allow them to resume the contested conduct and they have filed such a motion with this court. Requests for relief from a stay are generally addressed to the sound discretion of the bankruptcy court. See In re Milne, 185 B.R. 280, 283 (N.D. Ill. 1995) (Reinhard, J.) Factors usually considered in determining whether to grant relief from stay include "interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay. Id. These considerations do not require the interpretation of non-title 11 statutes nor analysis of significant open and unresolved issues regarding non-title 11 law. See Vicars at 954. Applying these factors is well within the realm of the bankruptcy court. The mandatory withdrawal provisions do not apply.

Movants also ask the court to exercise its discretion to withdraw the reference. The court declines to do so. The bankruptcy court is in a better position to decide the motion for relief from stay in the context of the entire bankruptcy case. At least the following of the factors discussed above, interference with the bankruptcy, the good or bad faith of the debtor, injury to the debtor and other creditors, and the proportionality of the harms, are going to be better weighed by the bankruptcy court, which has day to day familiarity with the ongoing Chapter 11 proceedings.

The motions of the United Union of Roofers, Waterproofers and Allied Workers, Local No. 11 ("Union"), Roofer's Unions Welfare Trust Fund, Roofers' Pension Fund, Roofers' Reserve Fund, the Chicago Roofers' Apprenticeship and Training Fund, Roofers' Industry Advancement and Research Fund and Roofers' Local 11 Promotional and OrganizationalFund to withdraw the reference in case no. 02 C 50078 and of the Sheet Metal Workers' International Association Local 265 in case no. 02 C 50098 are denied and accordingly the court declines to consider the motions for relief from stay. Motions for relief from stay may be filed in the bankruptcy court in accordance with the rules of that court.

---

[1] The Sheet Metal Workers' motion joins Movants' motion and this memorandum opinion and order is entered in both 02 C 50078 and 02 C 50098. The term "Movants" used herein includes the Sheet Metal Workers as does the term "Union."

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United Union of Roofers,
Waterproofers and Allied Workers
Local 11, et al.

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 50078

Sierra Constructions Services, Inc.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiffs' motion to withdraw the reference is denied and accordingly the court declines to consider the motion for relief from automatic stay.

Michael W. Dobbins, Clerk of Court

Date: 4/12/2002

Susan M. Wessman, Deputy Clerk